UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

AMY CAMERON,

          Plaintiff,

v.

UNITED PARCEL SERVICE, INC. ("UPS"),

          Defendant.
_____

**DECISION AND ORDER**

18-cv-01473-LJV-JJM

    Before the court is the parties' joint motion [15][1] seeking a 60-day extension of the remaining deadlines of my February 13, 2019 Case Management Order ("CMO") [13]. For the following reasons, that motion is reluctantly denied.

**DISCUSSION**

    I am no fan of CMOs. I trust counsel to progress their cases as they see fit, resorting if necessary to the remedies under Fed. R. Civ. P. ("Rule") 37 to move the case along. But I do not make the Rules. Rule 16(b)(1) states that the court "must issue a scheduling order", and "federal courts have no more discretion to disregard [a] Rule's mandate than they do to disregard constitutional or statutory provisions". <u>Bank of Nova Scotia v. United States</u>, 487 U.S. 250, 255 (1988).

    Nor am I free to disregard Rule 16(b)(4), which states that "[a] schedule may be modified *only* for good cause and with the judge's consent" (emphasis added). My CMO reminded the parties of that "a finding of 'good cause' depends on the diligence of the moving

---

[1]   Bracketed references are to CM/ECF docket entries. Unless otherwise indicated, page references are to numbers reflected on the documents themselves rather than to the CM/ECF pagination.

party". [8], p. 3 (*citing* Parker v. Columbia Pictures Industries, 204 F.3d 326, 340 (2d Cir. 2000)). "Good cause exists where the moving party is unable to comply with a required deadline despite the exercise of due diligence." George v. City of Buffalo, 789 F. Supp. 2d 417, 425 (W.D.N.Y. 2011); Parker, 204 F.3d at 340.

The motion states that the parties "spent the . . . month [after the April 26, 2019 initial mediation] in discussions with each other and the mediator . . . in an attempt to amicably resolve this matter", and that "[d]ue to these protracted discussion, the formal discovery process has been delayed". [15], p. 1. However, both the CMO and this court's Alternative Dispute Resolution ("ADR") Plan make clear that mediation does not furnish good cause for an extension of CMO deadlines. *See* CMO [13], ¶12 ("[t]he continuation of mediation sessions shall not delay or defer other dates set forth in this Case Management Order"); ADR Plan, §4.1(c) ("[t]he referral of a case to ADR does not delay or defer other dates established in the Scheduling Order").

In any event, even if participation in mediation could permissively delay the deadlines of the CMO, the parties offer no explanation as to what discovery occurred in the approximately two months preceding the initial mediation or in the last two months since their settlement discussions concluded. Nor do they offer any explanation as to why they could not have pursued discovery during those periods.

The fact that both parties are requesting the extension is also irrelevant. *See* Century 21 Real Estate LLC v. Camden Securities, Inc., 2013 WL 12058576, *2 (C.D. Cal. 2013) ("the fact that the plaintiffs allegedly do not oppose the requested extension does nothing to show actual good cause for the extension"); Shemendera v. First Niagara Bank N.A., 288 F.R.D. 251, 253 (W.D.N.Y. 2012) ("the absence of prejudice to the non-moving party . . . does

not satisfy the good cause requirement"); 3 Moore's Federal Practice §16.14[1][b] (Mattthew Bender 3d ed. 2019) ("The existence or degree of prejudice . . . is irrelevant to the moving party's exercise of diligence and does not show good cause").

**CONCLUSION**

If it were solely up to me, I would not hesitate to grant the requested extension. However, "[m]y discretion to grant that relief is limited by Rule 16(b)(4), which requires 'good cause' for an extension". Shemendera, 288 F.R.D. at 253. Since good cause has not been shown, defendants' motion [15] is denied, and the current CMO deadlines remain in effect. Notwithstanding those deadlines, the parties are free to conduct further discovery at such times and upon such terms as they may agree, but they may not seek the court's assistance in doing so. SO ORDERED.

Dated: August 1, 2019

    /s/ Jeremiah J. McCarthy
    JEREMIAH J. MCCARTHY
    United States Magistrate Judge